THE BURGER BREWING CO. ET AL., APPELLANTS, *v.* LIQUOR CONTROL COMMISSION, DEPARTMENT OF LIQUOR CONTROL, ET AL., APPELLEES.

(No. 72-493—Decided May 9, 1973.)

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey, Mr. R. Brooke Alloway, Mr. John J. Duffey, Mr. James F. DeLeone* and *Messrs. Burneson, Krier, Clark & Asher* and *Mr. David L. Kessler*, for appellants.

*Mr. William J. Brown*, attorney general, *Mr. John A. Connor, II, Messrs. Fontana, Ward, Kaps & Perry* and *Mr. Charles T. Kaps*, for appellees.

WILLIAM B. BROWN, J.  This case presents two threshold questions: (1) Whether an appeal can be taken from a regulation of an administrative agency to the Court of Common Pleas pursuant to R. C. 119.11, and (2) whether the Court of Common Pleas can make an original determination of the validity of an administrative agency regulation pursuant to R. C. 2721.03.

R. C. 119.11 provides, in part:

"Any person adversely affected by an order of an agency in adopting, amending, or rescinding a rule or in adopting, readopting, or continuing a rule, amendment, or rescission previously adopted as an emergency rule as provided in Section 119.03 of the Revised Code, may appeal to the Court of Common Pleas of Franklin County on the ground that said agency failed to comply with the law in adopting, amending, rescinding, publishing, or distributing said rule, or that the rule as adopted or amended by the agency is unreasonable or unlawul or that the rescission of the rule was unreasonable or unlawful. * * *"

The regulation (rule) that plaintiffs seek to bring before the court is one that is presently effective; they

seek "judicial scrutiny" of the regulation, not a determination of its application in an administrative adjudication. In *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, this court had before it a Liquor Control Commission regulation. It held that such a regulation could not be reviewed under R. C. 119.11. Thus, *Fortner* is dispositive of the appeal in this case under R. C. 119.11, and the judgment of the Court of Appeals upon that issue is affirmed.

A judicial determination is also sought under R. C. 2721.03, the declaratory judgment statute, which provides that:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in Section 119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

This court has previously upheld the right to declaratory relief pertaining to the construction and validity of statutes and ordinances. This court construed a statute in *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287, and determined the validity of a statute in *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47. The validity of a city ordinance was determined in *Wilson* v. *Cincinnati* (1960), 171 Ohio St. 104, and in *Peltz* v. *South Euclid* (1967), 11 Ohio St. 2d 128. See, also, *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265. As Professor Davis stated in his Administrative Law Text (1959 Ed.), 383, Section 21.06: "From the standpoint of timing a challenge, regulations are hardly distinguishable from statutes." So the court's declarative decisions involving the construction and validity of statutes and ordinances provide us with guidelines for the determination of the validity of regulations.

In *American Life & Accident Ins. Co.* v. *Jones,* the court held that a declaratory judgment action could be entertained under G. C. 1345-1, to determine whether the insurance company should contribute to the state unemployment compensation fund for its agents. There, at page 296, Judge Stewart listed the three elements prerequisite for the declaration: (1) A real controversy between the parties; (2) which is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties.

For a real controversy to exist it is not necessary that the plaintiffs violate the regulation, as long as there is a controversy " 'between parties having adverse legal interests, of *sufficient immediacy and reality* to warrant the issuance of a declaratory judgment.' " (Emphasis added.) *Peltz* v. *South Euclid, supra,* at page 131. In the present case, there is no doubt that there are adverse legal interests. On one side of the controversy are the manufacturers, seeking a judgment declaring the regulation void in order to avoid its economic constraints; on the opposite side are the wholesalers, invoking the regulation to set a ratio of the price charged them and the retailers.

To aid in the determination whether a controversy "is justiciable in character" or there is the "ripeness" necessary for review, United States Supreme Court Justice Harlan, in *Toilet Goods Assn.* v. *Gardner* (1967), 387 U. S. 158, 162, developed a two-fold test:

" * * * first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied at that stage." See also Justice Frankfurter's concurring opinion in *Joint Anti-Fascist Refugee Committee* v. *McGrath* (1951), 341 U. S. 123, 156; and Jaffe, Ripeness and Reviewable Orders in Administrative Law, 61 Mich. L. Rev. 1273, 1296 (1963).

As to the former factor, the issues presented in this case are ready for judicial resolution. Hearings were held, and briefs were submitted before the commission drafted

the regulation in its present form. The regulation was promulgated and became effective in August 1970.

There is sufficient information in the record upon which this court can base its decision. The regulation need not be violated to present a justiciable controversy because the regulation itself essentially involves legal questions. We are not asked to adjudicate rights and obligations in a "vacuum" which was decried by this court in *Fortner* v. *Thomas, supra* (22 Ohio St. 2d 13).

In this case, it is clear that there is the requisite adverseness between the parties.

As to the latter factor in Justice Harlan's test, this is a case where the impact on the plaintiffs is sufficiently direct and immediate to render the issues appropriate for judicial review.

Regulation LCc-1-73 is self-executing. There is no enabling legislation necessary to give it validity; nor is there any other agency involved in the enforcement of the regulation, at whose discretion the regulation could be enforced or ignored; for the Liquor Control Commission has its own enforcement division.

The regulation has a present and direct effect on the personal rights of the plaintiffs. The right affected. "* * * the right to pursue such a legitimate recognized trade [business], subject only to the restrictions made necessary in order to protect the public health, safety and welfare, constitutes a valuable property right protected by law." *Wilson* v. *Cincinnati* (1960), 171 Ohio St. 104, 108.

Regulation LCc-1-73, on its face, specifically regulates the plaintiffs' businesses—their pricing and marketing systems. There is no aspect of their businesses that is more crucial to success than pricing and marketing. Further, evidence was presented that the regulation controlled existing business practices, limited further price changes, resulted in economic loss, and affected business operations.

In order for plaintiffs to comply with the regulations, they must change the methods that have been traditionally

used in pricing, and follow a fixed proportion between the retailer and wholesaler for any increases or decreases. Furthermore, there is a prohibition, after a price increase or decrease, against any further price change within the next 180 days.

Since the plaintiffs are convinced that the regulation is invalid, they are placed in a perplexing dilemma: Either change their customary pricing and marketing procedures in order to conform with the regulation, or challenge the regulation by disobedience and face severe sanctions. The burden of such a course as challenging the regulation is substantial. If the challenge is unsuccessful, plaintiffs face possible revocation of their liquor permits. Such a possibility constitutes a "threat of irreparable injury" to plaintiffs' businesses. *Columbia Broadcasting System* v. *United States* (1942), 316 U. S. 407, 423. It was to lift people from the horns of such a dilemma that the Declaratory Judgment Act was enacted. *Abbott Laboratories* v. *Gardner* (1967), 387 U. S. 136, 152.

Defendants contend that *Fortner* is dispositive of the issue involved here, in that it limited review of proceedings of administrative officers and agencies to quasi-judicial proceedings. *Fortner* is distinguishable.

First, the plaintiffs in *Fortner* sought *review* of an administrative regulation under R. C. 119.11. Relief sought in the nature of a declaratory judgment is distinctly different from the relief sought in an administrative review. Furthermore, if judicial or quasi-judicial proceedings were necessary before a declaratory judgment could be granted, an action for such a judgment would be little more than a substitute for direct appeal. It is the very purpose of declaratory judgment actions to provide a determination as to the validity of a statute, ordinance, or agency regulation. *Wilson* v. *Cincinnati* (1960), 171 Ohio St. 104.

Second, *Fortner* is also distinguishable on its facts. There, the court was concerned with "*premature* declarations or advice upon *potential* controversies," and the court decided that this was the status of Fortner who "had

never been directly subjected to the application of the amended regulation.'' (Emphasis added.)

Here, plaintiffs are presently subjected to the application of Regulation LCc-1-73 as heretofore shown. Consequently, a declaratory judgment on the regulation would not be premature and would not constitute mere advice upon a potential controversy.

Accordingly, it is our conclusion that the Court of Appeals erred in its determination that R. C. 2721.03 could not be employed by the plaintiffs in this controversy. Therefore, the judgment of the Court of Appeals, determining that a declaratory judgment action was not an available remedy, is reversed; and, as to such issue, the cause is remanded to the Court of Appeals for further proceedings in accordance with this opinion.

*Judgment affirmed in part and reversed in part.*

HERBERT, CORRIGAN, STEPHENSON and CELEBREZZE, JJ., concur.

O'NEILL, C. J., and P. BROWN, J., dissent.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.