DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court granted summary judgment to appellee, the Board of Trustees of Sylvania Township ("township") and denied the cross-motion for summary judgment filed by intervening defendant/appellant, the city of Sylvania.
On appeal appellant sets forth the following two assignments of error:
 "The Trial Court Erred when it found that Sylvania Township had Standing to Bring a Declaratory Judgment Action with Regard to the Property Owners' Agreements and the 1973 Contract."
 "The Trial Court Erred when it found the Property Owners' Agreements to Annex Property were Unenforceable."
In 1973, the city of Sylvania entered into an agreement with Lucas County, in which the county agreed to provide "transportation, treatment and disposal of sanitary sewage and wastes," from an area described as the "Sylvania Service Area," through a series of connecting sewer lines to the Maumee River Wastewater Treatment Plant, which is owned and operated by the county. The Sylvania Service Area included the city of Sylvania and certain unincorporated areas of Sylvania Township. The county also agreed to expand its wastewater treatment plant and extend its trunk sewer to a point of connection with the city's trunk sewer. In return, the city agreed to construct sewer lines to the connection point, to allow a portion of the county's wastewater to flow into the city's sewers, and to "transport and deliver to the point of connection on the COUNTY trunk sewer * * * all of the sanitary sewage and liquid wastes originating in the Sylvania Service Area * * *."
In 1995, the city passed Resolution No. 4-95, subsequently modified by the mayor of Sylvania, which required owners of real estate in certain portions of the Sylvania Service Area to enter into annexation covenants with the city in exchange for permission to connect to the city's sanitary sewer system and/or water system. The covenants required those property owners to agree to annex their property to the city once it became legally permissible to do so.
Eventually, the properties subject to the annexation covenants became contiguous to the city boundaries, and appellant asked the property owners to petition for annexation. When certain property owners refused, the city instituted multiple actions to compel annexation, which were eventually consolidated into one case. See Sylvania v. Ralston, Lucas C.P. No. CI00-3332. Appellee asked for permission and was allowed to intervene in that related case. The petitions for annexation were scheduled to be heard by the Lucas County Commissioners, beginning in December 2000.
On November 30, 2000, the township filed a verified complaint for Declaratory and Injunctive Relief against the Board of County Commissioners of Lucas County, in which it sought temporary, preliminary and permanent injunctions ordering the county not to conduct hearings on the annexation petitions in the Ralston case. In addition, the township sought a declaration as to the validity of all annexation covenants executed by the city and various developers and/or property owners in the Sylvania Service Area, as well as a declaration of the "rights and duties of the parties and any [other] third party beneficiaries under the 1973 sewerage agreement."
On December 1, 2000, the trial court denied the township's motion for a temporary restraining order and on March 8, 2001, the township's motion for a preliminary injunction was denied. On May 25, 2001, the township filed a motion for summary judgment, in which it asked the trial court to declare that the city had no authority to require property owners in the Sylvania Service Area to sign annexation covenants in return for water and sanitary sewer services. In support of its motion, the township argued that it is entitled to bring a declaratory judgment action to interpret the 1973 agreement because the agreement purports to define how, and under whose authority, sewer and water services are delivered to residents of the currently unincorporated portions of Sylvania Township.
On June 22, 2001, the city filed a response to appellee's motion for summary judgment and a cross-motion for summary judgment on its own behalf and on behalf of the county. The city asserted in its motion that the township does not have standing to bring a declaratory judgment action in this case. In support thereof, the city argued that the township was not, and is not, a party to the 1973 agreement, the agreement was not intended to benefit the township in any way, and the legal rights of the township will not be affected by the annexation of those properties subject to annexation covenants. In addition, the city argued that it was not obligated by the 1973 agreement to provide water and sanitary sewer services to the Sylvania Service Area and, therefore, it could legally require annexation covenants to be signed before such services were extended to property owners.
On October 16, 2001, after reviewing all of the relevant evidence, the parties' memoranda in support of their respectivemotions for summary judgment, and the applicable law, the trial court filed a judgment entry in which it found the township had standing to bring a declaratory judgment action pursuant to R.C. 2721.03. The court stated that a real controversy exists, speedy relief is necessary, and "[i]t is clear that the Township is interested in the 1973 agreement and the annexation agreements as annexation of these properties will reduce the territory of the Township." As to the validity of the annexation covenants, the trial court cited its decision in the related Ralston case, supra, in which it found that the annexation covenants were unenforceable.
The trial court further concluded that, with respect to only those annexation covenants at issue in the related Ralston case, the township was entitled to summary judgment as a matter of law. However, the court also found that no justiciable controversy existed between the parties as to: (1) those annexation covenants that were signed by property owners not involved in the related Ralston case; or (2) the rights and duties of any other parties or third party beneficiaries under the 1973 agreement. Having granted summary judgment to the township on the one issue, the trial court denied the city's cross-motion for summary judgment and found, pursuant to Civ.R. 54(B), that there was no justreason for delay of an appeal. On November 8, 2001, a timely appeal was filed by appellant, the city of Sylvania.[1]
We note initially that, in reviewing the granting or denial of a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is not a genuine issue as to any material fact" and, after construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
Appellant asserts in its first assignment of error that the trial court erred by finding that the township had standing to ask the trial court to determine the validity of the annexation covenants in light of the terms of the 1973 agreement. In support thereof, appellant argues that the township was not a party to either the 1973 agreement or the annexation covenants, and no actual controversy exists because the annexation of township land into the city of Sylvania "will not cause the removal of the territory from the Township."
Pursuant to R.C. 2721.03:
 "[A]ny person interested under a * * * written contract * * * may have determined any question of construction or validity arising under the * * * contract * * * and obtain a declaration of rights, status, or other legal relations under it."
In order to obtain declaratory relief, a plaintiff must establish "(1) that a real controversy exists between the parties, (2) that the controversy is justiciable, and (3) that speedy relief is necessary to preserve the rights of the parties." R.A.S. Entertainment, Inc. v.Cleveland (1998), 130 Ohio App.3d 125, 128, citing Burger Brewing Co. v.Ohio Liquor Control Comm. (1973), 34 Ohio St.2d 93.
"A `controversy' exists for purposes of a declaratory judgment when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Burger, supra. Similarly, the issue of standing depends upon whether the challenging party can demonstrate that he "has suffered or will suffer a specific injury, that the injury is traceable to the challenged action, and that it is likely that the injury will be redressed by a favorable decision." Wilmington City School Dist. Bd. ofEd. v. Bd. of Commrs of Clinton Co. (2000), 141 Ohio App.3d 232, 238, citing Eng. Technicians Assn. v. Ohio Dept. of Transp. (1991),72 Ohio App.3d 106, 110-111.
In this case, a review of the record shows that the area over which the township has jurisdiction will unquestionably be reduced if the annexation of those properties involved in the Ralston case is allowed to proceed. Accordingly, a real controversy exists on that issue,[2] the township has a stake in the outcome of that controversy, and speedy relief is necessary.
Upon consideration of the foregoing, this court finds that the trial court did not err by finding that appellee, Sylvania Township, had standing to bring a declaratory judgment action pursuant to R.C. 2721.03
as to those annexation covenants at issue in the related Ralston case. Appellant's first assignment of error is not well taken.
Appellant asserts in its second assignment of error that the trial court erred when it found that the annexation covenants were unenforceable.
On October 16, 2001, the trial court filed a judgment entry in which it found that the annexation covenants at issue in the related Ralston case were unenforceable. On that same day, the trial court filed a judgment entry in the instant case, in which it stated:
 "Regarding the enforceability of the annexation agreements at issue in Ralston, this court has found those agreements to be unenforceable and granted summary judgment to the defendant property owners in that case. For the reasons discussed [in that case] * * *, this court also finds the Township's motion well-taken with respect to those annexation agreements."
The city filed a timely notice of appeal from the trial court's judgment entry and, on July 12, 2002, this court filed a decision in which we upheld the unenforceability of the annexation covenants and affirmed the trial court's decision. See Sylvania v. Ralston 6th Dist. No. L-01-1448, 2002-Ohio-3575. Accordingly, based on our decision inSylvania v. Ralston, supra, we find that the trial court did not err when it found that the annexation covenants were unenforceable. Appellant's second assignment of error is not well-taken.
Upon consideration of the foregoing, we find that there remain no genuine issues of material fact and, construing the evidence most strongly in favor of appellee, reasonable minds can only conclude that appellant is not entitled to summary judgment as a matter of law, and appellee is entitled to summary judgment as a matter of law. The judgment of the Lucas County Court of Common Pleas is affirmed.
Having upheld the trial court's finding that appellee has standing to bring a declaratory judgment action in this case, we hereby remand this case to the trial court for further proceedings consistent with this decision and judgment entry. Court costs of these proceedings are assessed to appellant, the city of Sylvania.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.
[1] Lucas County remains a defendant in this case, but did not file a notice of appeal.
[2] We agree with the trial court's finding that, at this time, no justiciable controversy exists between the township and appellant as to the validity of all annexation agreements signed "by any property owner in the Sylvania Service Area" or the rights and duties of "the parties and any third party beneficiaries under the 1973 sewerage agreement," if such parties were not involved in the related Ralston case.