OPINION
{¶ 1} This is an appeal from the judgment of the Seneca County Court of Common Pleas which granted summary judgment to W.C. Felton Agency, Inc. d/b/a United Insurance Service ("United") and against Julie Lowe Stahl ("Stahl") in an action for declaratory judgment.
 {¶ 2} On February 6, 2001, United filed a complaint seeking a declaratory judgment that it is the owner of certain unidentified insurance expirations (fees derived from renewals of insurance policies), that Stahl is an independent contractor, that Stahl is a solicitor who is not permitted to collect the expirations, and that she be enjoined from alleging that she owns the expirations following the declaration.
 {¶ 3} Stahl answered United's complaint asserting that she, through Lowe Insurance, was involved in various joint ventures with United and United's predecessor, Tadsen Insurance (Tadsen) and that the terms of their agreement were never reduced to writing. Additionally, Stahl asserts that she has an ownership interest in certain insurance expirations. Stahl also filed a counterclaim (titled cross-claim) requesting a declaration that she is the owner of the expirations at issue and to enjoin United from withholding her property.
 {¶ 4} On July 16, 2001, United filed a motion for summary judgment which asserts that because Stahl states that she is entitled to future expirations that the contract cannot be performed in one year and therefore the contract would have to be in writing to be valid under the statute of frauds. United attached Stahl's replies to United's requests for admissions to United's summary judgment motion. Stahl would not admit that she was a solicitor or agent explaining that because Tadsen and Felton historically filed for her license she was not certain of her status as an agent or as a solicitor. Stahl further admitted that she had no written contract of employment or written contract which provided her with an ownership interest in certain expirations. Finally, Stahl denied that claiming an ownership interest in these expirations was inconsistent with her duties under R.C. 3905.03 of the Ohio Revised Code. United also attached an affidavit prepared by Brian Smith, the secretary/treasurer of United which stated that Stahl was an independent contractor who contracted with United as a solicitor to sell insurance policies and that the customers determine the length of the insurance policy.
 {¶ 5} Stahl filed a motion in opposition to United's motion for summary judgment asserting that an oral contract existed between her agency and United which did not fall within the statute of frauds. Furthermore, Stahl asserted that she and United were involved in a joint venture or partnership. Stahl attached her own affidavit which stated that neither Tadsen nor United had issued a Federal Form 1099 to Stahl because of the fee splitting joint venture arrangement. Stahl also stated in the affidavit that since 1987, Lowe Insurance had received fifty percent of the commissions tendered by new and renewing policy holders from United and Tadsen. Additionally, Stahl stated that Lowe contributed to error and omissions coverage for policies issued by United. Finally, Stahl listed the tasks Lowe was responsible to perform on United's behalf.
 {¶ 6} On August 20, 2001, the trial court granted summary judgment to United. Stahl appealed; however, on October 5, 2001, this court dismissed the appeal for lack of a final appealable order based on the trial court's inadequate explanation of the rights of the parties in the entry. No further action was taken by the trial court at that time. On July 5, 2002, Stahl filed a motion for reconsideration of the trial court's prior grant of summary judgment arguing that Stahl and Tadsen were involved in a joint venture entitling her to commissions which were transferred to United when it purchased Tadsen. With this motion, Stahl filed a document from the Ohio Department of Insurance which reflects her as a current licensed insurance agent and solicitor.
 {¶ 7} The trial court decided to reconsider its grant of summary judgment to United. On September 10, 2002, Stahl, having retained new counsel, filed a supplemental memorandum in support of her motion for reconsideration with an attached affidavit, which claimed that the clients that she serviced for Tadsen and now for United were from her "book of business" (client list) and that she was always free to leave Tadsen with her clients and Tadsen could not have sold her interest to United. Furthermore, Stahl argued that there was nothing in the record to demonstrate what insurance contracts were involved or evidencing the alleged sale of Stahl's "book of business."
 {¶ 8} On October 1, 2002, the trial court issued a final entry granting summary judgment in favor of United and against Stahl "as to all claims asserted by both parties and it is further DECLARED that [United] is the sole owner of the insurance expirations that [Stahl] serviced on behalf of [United]."
 {¶ 9} Stahl now appeals asserting three assignments of error, which will be discussed together. The Seneca County Common Pleas Court erred in granting summary judgment to the plaintiff-appellee and in entering final judgment against defendant-appellant. The determination and declaration that the plaintiff-appellee is the sole owner of insurance "expirations" is not supported by the evidence in the record, as summary judgment was entered on an underdeveloped record presenting genuine issues of material fact, and as summary judgment and final judgment were entered contrary to Civil Rule 56(C). The Seneca County Common Pleas Court erred in granting declaratory relief in favor of the plaintiff-appellee, as the journal entry of judgment fails to afford final, and clear, and complete relief to the parties herein, and further fails to clearly identify, define and resolve the rights and responsibilities of the parties. The Seneca County Common Pleas Court abused its discretion in failing to grant the defendant-appellant's motion for reconsideration of the summary judgment decision.
 {¶ 10} Throughout this case, there have been several omissions and errors. Specifically, we question whether this is an appropriate action to be filed as a request for declaratory judgment. While interpreting contract rights is a proper purpose for filing a declaratory judgment under R.C. 2721.04, to maintain an action for declaratory judgment, three elements must be present: "* * * (1) A real controversy between the parties; (2) which is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties." Burger Brewing Co. v.Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97. Furthermore, courts of record may refuse to render a declaratory judgment if the judgment would not terminate the uncertainty giving rise to the action. R.C. 2721.06.
 {¶ 11} In its complaint for declaratory judgment, United asked the trial court to declare it to be the owner of certain insurance expirations allegedly sold to United when it bought Tadsen. However, United fails to specifically identify the expirations at issue, fails to provide any proof that United, in fact, purchased the expirations which it purports to own, and fails to express the terms of the alleged agreement with Stahl regarding the expirations. With these failings, we do not see sufficient facts to show there is a real controversy between the parties. Nor, for that matter, do we comprehend how the complaint states a claim for which relief could be granted since, with the evidence presently available in the record, United can prove no set of facts supporting the allegations in its complaint. See Carter v. Walters (Mar. 22, 1990), Paulding App. No. 11-88-23; Civ.R. 12(B)(6).
 {¶ 12} Nevertheless, the trial court failed to dismiss the case, and on October 1, 2002, issued a final judgment entry granting summary judgment to United. An appellate court reviews a grant of summary judgment de novo. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment is proper if the evidence filed in a case shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Furthermore, summary judgment should be granted, if it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. Civ.R. 56(C).
 {¶ 13} Moreover, the party moving for summary judgment bears the initial burden of demonstrating that there is no issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. However, the burden of the moving party is not discharged "simply by making a conclusory assertion that the non-moving party has no evidence to prove its case."Id. at 293. The moving party must be able to point to evidence in the materials listed in Civ.R. 56(C) which indicates the lack of a genuine issue of material fact. Id. at 292. After the moving party has met its burden, the non-moving party has a reciprocal duty to point to specific facts showing that there is a genuine issue for trial. Civ.R. 56(E).
 {¶ 14} In this case, United submitted Stahl's answers to United's request for admissions in which she admitted that that there was no written contract between Stahl and United. United also submitted an affidavit by Brian Smith, the secretary-treasurer of United, stating that Stahl is an independent contractor working as a solicitor for United and stating the terms for renewal of United's insurance policies. However, we fail to see how these assertions demonstrate that United is entitled to a declaration as a matter of law that it owns multiple insurance expirations without any evidence as to the identity of the expirations at issue or proof that United purchased these expirations.
 {¶ 15} United argues that the only issue in this case is whether its agreement with Stahl violates the statute of frauds and therefore it is not United's burden to prove that they bought insurance expirations from Tadsen or to identify the relevant insurance expirations. We disagree. United has failed to point to any evidence in the record to support the trial court's determination that United is an owner, much less the "sole owner," of unidentified insurance expirations. Therefore, United failed to meet its burden for summary judgment. Consequently, the trial court erred in granting summary judgment in its favor, and Stahl's three assignments of error are sustained.
 {¶ 16} Based on the foregoing, the October 1, 2002 final judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
BRYANT, P.J., and CUPP, J., concur.