DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a summary judgment issued by the Williams County Court of Common Pleas in a declaratory judgment action. The facts relevant to our disposition of this cause are as follows.
 {¶ 2} On December 22, 2001, the Sons of the American Legion, Agnew Shinabarger Post 307 ("Sons of American Legion") in Pioneer, Williams County, Ohio, held a reverse auction in order to raise money for their scholarship fund. Raffle tickets were sold at a price of $100 per ticket; only 250 of these tickets were sold. The grand prize was a "55 Chevy Street Rod." Plaintiff-appellee, Robert J. Scott, purchased one of the reverse raffle tickets, specifically, Ticket No. 0245, but was not able to be present at the auction. It is undisputed that purchasers of tickets were not required to attend the auction in order to win. It is also unquestioned that it was understood by the Sons of the American Legion and the participants that the winner of the reverse auction would be the person or persons whose ticket was drawn last.
 {¶ 3} On the evening of the fund-raising event, the Sons of the American Legion kept track of the persons who remained in the drawing by posting their names/tickets on a board. Additionally, during the drawing, participants could bid on and purchase other participants' raffle tickets. Toward the end of the evening, Dan Schmucker and Barry Bolen made such a purchase and the ticket was placed in the "hopper" with any other remaining raffle tickets.
 {¶ 4} As the reverse raffle came to a close, the Sons of the American Legion members controlling the drawing noticed that there were four names on the board but only three tickets in the hopper. Six of the officers then held a meeting in front of the attendees to determine how to solve this apparent dilemma. The officers determined that tickets would continue to be drawn and that the last name on the board would be declared the winner. The last names/ticket on the board were Dan Schmucker and Barry Bolen, who were awarded the grand prize.
 {¶ 5} On March 14, 2002, appellees, Robert Scott and his wife, Katherine S. Scott, filed a declaratory judgment action naming the Sons of the American Legion and its officers; Agnew Shinabarger American Legion Post 307 and its officers; Dan Schmucker and his wife, Jodie Schmucker; Larry Bolen and his wife Lori Bolen; and a Dave Doyle as defendants. Appellees alleged that ownership of the 1955 Chevrolet Street Rod was in controversy because Robert's ticket was the last ticket drawn and, therefore, he should have been declared the grand prize winner. Appellees also asserted that the winning ticket purchased by Dan Schmucker and Larry Bolen was later found in a trash can. Appellees contended that this indicated that the "winning ticket" was drawn and discarded before Robert Scott's ticket was drawn.
 {¶ 6} After answering and denying appellees' allegations, appellants, Dan and Jodie Schmucker and Barry and Lori Bolen, filed a motion for summary judgment. They argued that there are "no laws or regulations governing" a reverse auction; therefore, the officers of the Sons of the American Legion acted as "judges" in determining the contest. Appellants maintained that unless appellees could demonstrate a violation of a statutory law or other regulation, the judges' decision should be upheld. Concluding that appellees failed to state such a legal basis for their claim, appellants contended that they were entitled to summary judgment as a matter of law.
 {¶ 7} Appellants' motion for summary judgment was supported by three affidavits. The affidavit of Brent Chamberlain, Commander of the Sons of the American Legion, averred as to the process followed by the officers in determining who would be the grand prize winner. In her affidavit, Judy Lineberger, who attended the reverse auction, substantiated the process followed by the officers after they discovered the error in the raffle process. In addition, Lineberger recalled "confusion over who was the first runner-up or the last ticket drawn." She stated that: "Greg Heller was awarded a $1,000.00 prize for being runner-up. However, it was understood that Robert J. Scott may have been the actual runner-up ticket." Finally, the affidavit of Dan Schmucker provided information detailing his acquisition of the winning ticket and the procedures followed by the officers in determining the winners of the reverse raffle.
 {¶ 8} Appellees subsequently filed their own motion for summary judgment. The facts set forth in the motion were derived from appellees' complaint. They offered no affidavits, depositions, answers to interrogatories or any other materials in support of their motion for summary judgment.
 {¶ 9} On September 26, 2002, the trial court granted appellees' motion for summary judgment and denied the motion for summary judgment submitted by appellants. The trial court found, in relevant part:
 {¶ 10} "2. To assist attendees as to the progress of the withdrawal of the raffle tickets, a board is usually maintained with cards representing all the tickets in the raffle. * * * The purpose for this board is a courtesy to those in attendance so they may follow the drawing."
 {¶ 11} "* * *
 {¶ 12} "4. It is apparent from the affidavits, that several of those attending the event (including the defendant who was ultimately declared the winner) decided among themselves to modify the rules governing these raffles and determined the winner would be the last name on the board, not the last ticket in the barrel. It is significant that the plaintiffs did not participate in this agreed-upon arrangement.
 {¶ 13} "5. The last ticket in the barrel was that of plaintiffs. The last name on the board (for which there was no ticket in the barrel, it having been previously drawn or never have been in the barrel) was declared the winner."
 {¶ 14} Based on his factual findings, the trial judge declared that appellees, as holders of the last ticket in the hopper or barrel, were the winners of the grand prize of the reverse auction. This appeal followed.
 {¶ 15} Appellants set forth five assignments of error.[1]
Because it challenges appellees' ability to bring a declaratory judgment action, we shall first consider appellants' Assignment of Error No. IV. In this assignment, appellants assert that appellees' rights or legal relations were not affected by any statute, ordinance, franchise, or rule. Therefore, appellants argue that appellees lack the ability to seek the remedy of declaratory judgment. We disagree.
 {¶ 16} R.C. 2721.03 provides, in material part:
 {¶ 17} "[A]ny person interested under a deed, will, writtencontract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a * * * statute, rule * * * municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it."
 {¶ 18} To obtain declaratory relief, a plaintiff must establish that a real controversy exists between the parties, that the controversy is justiciable, and that speedy relief is necessary to preserve the rights of the parties. R.A.S. Entertainment, Inc. v. Cleveland (1998),130 Ohio App.3d 125, 128, citing Burger Brewing Co. v. Ohio LiquorControl Comm. (1973), 34 Ohio St.2d 93, paragraph one of the syllabus.
 {¶ 19} A "controversy" exists when there is a genuine dispute between parties who have adverse legal interests. Burger Brewing Co. v.Ohio Liquor Control Comm., at 97. These interests must be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Id. For a cause to be justiciable, there must exist a real controversy presenting issues that are ripe for judicial resolution and that will have a direct and immediate effect on the parties. Id. at 97-98.
 {¶ 20} For purposes of the present case, we conclude that appellees sought a determination of legal rights that arose under a contract. The Sons of the American Legion made an offer of a grand prize, as well as first, second, and third place prizes. Robert Scott accepted the offer by paying the $100 purchase price listed on the ticket. The Sons of the American Legion benefitted from this purchase because it received monies to put in its scholarship fund. Thus, we find that the elements necessary for the formation of a contract were present in this cause. Noroski v. Fallet (1982), 2 Ohio St.3d 77, 79 (delineating the elements of a contract). See Annotation, Private Contests and Lotteries: Entrants Rights and Remedies (1988), 64 A.L.R.4th 1021, 1045-1052 (a raffle ticket can be a binding contract). See, also, Petersv. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296, 298 (sale and purchase of a lottery ticket governed by contract law).
 {¶ 21} Having found that the transaction in the case at hand is subject to the law of contracts, we further conclude that the requisites necessary to maintain a declaratory judgment action are also present. As set forth above, R.C. 2721.03 provides that a declaratory judgment action is available to determine rights or other legal relations under a contract. Furthermore, there are adverse interests as to the ownership of the grand prize between the parties to this cause. These adverse interests are ripe for judicial resolution and will have a direct and immediate effect on the parties. Therefore, appellees can seek a disposition of the issues in this cause by means of a declaratory judgment action and obtain the relief requested. See R.C. 2721.06. Accordingly, appellants' Assignment of Error No. IV is found not well-taken.
 {¶ 22} Appellants' Assignment of Error Nos. I, II, and III address various aspects of the trial court's grant of summary judgment to appellees. Assignment of Error No. V. claims that the trial court erred in failing to grant appellants' motion for summary judgment. Thus, we shall set forth the standard for the grant or denial of a summary judgment motion prior to any discussion of these assignments.
 {¶ 23} Pursuant to Civ.R. 56(C), a motion for summary judgment will be granted if no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and the evidence demonstrates that reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. Civ.R. 56(C); Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390. After reviewing the record in accordance with this standard, we conclude the trial court improperly granted appellees' motion and properly denied appellants' cross-motion for summary judgment.
 {¶ 24} In Assignment of Error No. V, appellants contend that the trial court should have granted their motion for summary judgment because appellees failed to offer evidence of a "violation of controlling law, rules, or other regulations."
 {¶ 25} We have previously determined that the law applicable in this cause is the law of contracts. Therefore, the trial court's decision turned upon a construction of the "contract," that is, the reverse raffle ticket. The paramount objective in construing a contract is to ascertain the parties' intent. Aultman Hosp. Assn. v. Community Mut. Ins. Co.
(1989), 46 Ohio St.3d 51, 53. The parties' intent is presumed to reside solely within the language employed in the agreement. Kelly v. Med. LifeIns. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. Words and phrases appearing in a contract that are not specifically defined therein should be given their common, ordinary, and usual meaning.Monsler v. Cincinnati Cas. Co. (1991), 74 Ohio App.3d 321, 329.
 {¶ 26} Here, the common, ordinary, and usual meaning of "reverse auction," is that the grand prize winner of the auction is the person or persons whose ticket is last drawn. It is apparent from the trial court's judgment that the trial court properly applied this law by construing the term "reverse auction" and, in essence, finding that the Sons of the American Legion could not unilaterally alter the terms of the contract, specifically the method of determining a winner, during the course of the auction itself. Nagle Heating Air Conditioning v. Heskett (1990),66 Ohio App.3d 547, 550. For this reason, appellees were not required to offer any evidence of a "violation of controlling law, rules, or other regulations," and appellants' Assignment of Error No. V is found not well-taken.
 {¶ 27} Appellants' Assignment of Error No. I contends that a genuine issue of material fact exists on the questions of: (1) how the mistake in the drawing process occurred; and (2) which ticket was the last to be drawn.
 {¶ 28} Since the Sons of the American Legion could not alter the method of determining a winner without the agreement of the participants in the contest, the question of how the mistake occurred is not a material fact. Nonetheless, the issue of whose ticket was last to be drawn is the central concern in this cause. Although the Sons of the American Legion admitted in its answer that Robert Scott's ticket was the last to be drawn, the affidavit of Judy Lineberger indicates that his ticket may not have been the last drawn. Therefore, a genuine issue of material fact exists on the deciding question in this cause, and the trial court erred in granting appellees' motion for summary judgment. Appellants' Assignment of Error No. I is found well-taken as to this question only.
 {¶ 29} In Assignment of Error No. II, appellants urge that the trial court erred in relying on facts not in evidence as the basis for its decision. Specifically, appellants argue that the facts set forth in Paragraphs Two and Four, see infra, were not in evidence or were directly contradicted by the affidavits submitted by appellants in support of their motion for summary judgment.
 {¶ 30} We agree with appellants in that Paragraph Four of the trial court's judgment is not based upon the affidavits submitted in this cause. Rather, a good portion of that paragraph is improperly predicated upon the mere conclusory and unsupported allegations found in appellees' complaint. See Civ.R. 56(C)and (E); Jackson v. Fire Alert SafetyEquip., Inc. (1991), 58 Ohio St.3d 48, 52. However, most of the facts set forth in Paragraph Four, as well as the fact set forth in Paragraph Two, are not relevant to the dispositive issues in the court's decision. Instead, only the last sentence in Paragraph Four properly sets forth an undisputed fact that has any significance to one of the determinative issues, i.e., could the Sons of the American Legion unilaterally alter the method of choosing a winner, in this cause. Accordingly, we find that any error by the trial court in setting forth the facts in Paragraphs Four and/or Two of its decision is harmless error. See Civ.R. 61. Consequently, appellants' Assignment of Error No. II is found not well-taken.
 {¶ 31} Assignment of Error No. III is simply a restatement of appellants' Assignment of Error No. V, but is directed to alleged error in the grant of appellees' motion for summary judgment. Accordingly, for the same reasons set forth in our discussion of appellants' Assignment of Error No. V, Assignment of Error No. III is found not well-taken.
 {¶ 32} The judgment of the Williams County Court of Common Pleas is affirmed, in part, and reversed, in part. This cause is remanded to that court solely for the determination of the issue of whether Robert J. Scott's raffle ticket was the last drawn from the hopper in the Sons of the American Legion reverse auction. Appellants and appellees are ordered to each pay one-half of the costs of this appeal.
JUDGMENT AFFIRMED, IN PART,
AND REVERSED, IN PART.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer, J.
[1] These assignments are:
"I. The lower court erred in finding no genuine issues of material fact.
"II. The lower court erred in relying upon facts not in evidence as a basis for its decision.
"III. The lower court erred in finding that plaintiff is entitled to judgment as a matter of law.
"IV. The lower court erred in granting declaratory judgment on the basis of plaintiff's [sic] complaint.
"V. The lower court erred in denying defendants' motion for summary judgment."