OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant Jenna Harrison appeals from the July 15, 2003, Judgment Entry of the Stark County Court of Common Pleas granting the Motion to Dismiss filed by defendant-appellee State Farm Insurance Companies.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On September 29, 1999, appellant Jenna Harrison was injured in an automobile accident caused by Joseph Ahn. As a result of the accident, appellant incurred medical expenses totaling in excess of $42,000.00 and more than $35,000.00 in lost wages.
 {¶ 3} At the time of the accident, Ahn, the tortfeasor, was insured under a policy of insurance issued by Progressive Casualty Insurance Company with policy limits for personal injuries of $250,000.00. In turn, appellee State Farm Insurance Companies insured appellant under an automobile liability policy which included $25,000.00 in med-pay coverage. Pursuant to its med-pay provision, appellee paid appellant and appellant's medical providers the sum of $25,000.00 and, in doing so, became subrogated to the rights of appellant, its insured, against Ahn in the amount of $25,000.00.
 {¶ 4} Thereafter, in settlement of her personal injury action against Ahn, the tortfeasor, appellant received a total of $225,000.00, twenty five thousand dollars ($25,000.00) less than the tortfeasor's policy limits.
 {¶ 5} Subsequently, appellee State Farm filed an application for med-pay arbitration against Progressive Casualty Insurance Company, seeking the recovery of the $25,000.00 it had paid under the med-pay provision of its policy. Both appellee and Progressive Casualty Company agreed to submit the subrogation med-pay claims to arbitration for resolution.[1] On or about September 19, 2002, an arbitration decision was issued granting an award in favor of appellee and against Progressive Casualty Insurance Company in the amount of $25,000.00.
 {¶ 6} On May 7, 2003, appellant filed the case sub judice against appellee in the Stark County Court of Common Pleas, seeking a declaration from the trial court that appellant had not received full compensation for her injuries and a declaration that, as a result, appellee was not entitled to repayment of the med-pay payments that appellee had paid to appellant. Appellant, in her complaint, specifically alleged, in relevant part, as follows:
 {¶ 7} "Plaintiff received the sum of Two Hundred Twenty-five Thousand Dollars ($225,000.00) in settlement from the tortfeasor Joseph Ahn's liability insurance carrier in settlement of her personal injury action against Joseph Ahn. Plaintiff has not received full compensation by way of settlement with the tortfeasor's insurance carrier due to the nature and severity of her injuries and the tortfeasor's limits of liability and as a result, Plaintiff should not be obligated to repay Defendant for the medical payments received from Defendant."
 {¶ 8} On July 7, 2003, appellee filed a Motion to Dismiss pursuant to Civ.R. 12(B)(1) and (6). Appellee, in its motion, argued that appellant's complaint should be dismissed since appellee acknowledged that it had no direct claim against appellant for the reimbursement of its med-pay claim, but rather was entitled to recovery against Progressive Casualty Insurance Company pursuant to the arbitration award. After appellant filed a reply to appellee's motion, the trial court, as memorialized in a Judgment Entry filed on July 15, 2003, granted appellee's Motion to Dismiss and dismissed appellant's complaint with prejudice.
 {¶ 9} It is from the trial court's July 15, 2003, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 10} "The trial court erred as a matter of law in granting appellee's motion to dismiss and refusing to determine whether appellant had been made whole for the injuries she sustained thereby precluding appellee's subrogation claim for medical payments benefits."
 I {¶ 11} Appellant, in her sole assignment of error, argues that the trial court erred in granting appellee's Motion to Dismiss. We disagree.
 {¶ 12} We find that appellant's issue raised in appellant's sole assignment of error does not present a justiciable issue. In Ohio, the need for a justiciable issue arises from the Ohio Constitution. Section 4(B), Article IV of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law." For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties. Burger Brewing Co.v. Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97-98,296 N.E.2d 261. Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." Texas v. United States (1998), 523 U.S. 296,300, 118 S.Ct. 1257, 1259.
 {¶ 13} As is stated above, appellant, in her complaint, sought a declaration from this Court that, since appellant had not received full compensation for her injuries, appellee was "not entitled to repayment of any amount for medical payments benefits paid to Plaintiff [Appellant]." However, to date, appellant has not been sued by appellee for repayment of the same. In fact, appellee, in its Motion to Dismiss, acknowledged that it had no direct claim against appellee for reimbursement of its med-pay claim, and that "its right of recovery is against Progressive Casualty Company only . . ." Under these circumstances, we find that there is no justiciable issue before this Court, including no immediate and irreparable harm faced by appellant.
 {¶ 14} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 15} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Both appellee State Farm and Progressive are signatory members to Med-Pay Arbitration Agreement of Arbitration Forums, Inc.