{¶ 12} I must respectfully dissent. Appellants originated this action in Lake County to dispute the taxes due and owing on real estate that they owned. During the pendency of this action, they apparently transferred the property in question to a family member. The majority is correct that the tax liability does in fact run with the land; and the transfer is indeed subject to that liability.[1] However, that proposition of law does not address the initial controversy.
 {¶ 13} By way of analogy, if a property owner disputes a $1,000 tax bill on his property that is worth $5,000; and then sells the property to his neighbor for $4,000 subject to the $1,000 tax lien, he clearly has a dispute in controversy that survives the transfer. He is still contesting the original tax bill that originated during his ownership.
 {¶ 14} Appellants have never had their controversy with Lake County litigated. The approach taken by the majority would force the new landowner, who may have no quarrel with Lake County, to initiate a new action to resolve the old issues.
 {¶ 15} Appellants have stated a cause of action that is a real controversy. A controversy, as opposed to an academic exercise leading to an advisory opinion, has been raised.[2] As such, the matter should proceed as an appeal on the questions raised in the original complaint.
 {¶ 16} As an aside, it should be noted that appellants transferred the subject property to Jack Battersby on June 21, 2006, and that the trial court's judgment entry is dated June 30, 2006. Therefore, if, as the majority holds, appellants have no standing to pursue this appeal and do not have a tax debt controversy with appellees due to the transfer of the property, this was likewise true on June 30, 2006, the date of the trial court's judgment entry. In dismissing this appeal for the reasons stated by the majority, this matter is bound to generate more litigation, not less. For this additional reason, I would reach the merits of this appeal.
[1] S. Ohio Sav. Bank Trust Co. v. Bolce (1956), 165 Ohio St. 201,208.
[2] Burger Brewing Co. v. Liquor Control Comm. (1973),34 Ohio St.2d 93, 97.