[Cite as *Bunting v. Watts*, 2018-Ohio-3357.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PAUL EDWARD BUNTING | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MARY AND GREG WATTS | : | Case No. 2018CA00065 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court
of Common Pleas, Case No. 2017
CV 01240

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    August 20, 2018

APPEARANCES:

For Plaintiff-Appellant

PAUL EDWARD BUNTING, pro se
c/o Volunteers of America (VOA)
Residential Reentry Program
921 North Main Street
Mansfield, Ohio 44903

For Defendant-Appellees

JONATHAN E. MORRIS
Courtyard Centre, Suite 418
116 Cleveland Avenue, NW
Canton, Ohio 44702

*Baldwin, J.*

{¶1} Appellant, Paul E. Bunting, appeals the Stark County Court of Common Pleas dismissal of his complaint for declaratory judgment entered July 31, 2017. Appellees are Mary and Greg Watts.

## STATE OF FACTS AND THE CASE

{¶2} This matter was recently before us on an appeal of a dismissal of the complaint by the Stark County Court of Common Pleas. *Bunting v. Watts*, 5th Dist. Stark No. 2017CA00161, 2017-Ohio-9121. We will adopt the facts set forth in that opinion for the purposes of this decision.

{¶3} On or about March 27, 2008, Mary Jane Bunting became ill and was hospitalized. Ms. Bunting had two children, Appellant and appellee Mary Watts. On April 1, 2008, Ms. Bunting granted her daughter a durable unlimited power of attorney to handle her affairs. On April 4, 2008, appellee Mary Watts, by virtue of her power of attorney, transferred Ms. Bunting's prefab manufactured modular home to her husband, appellee Greg Watts. Ms. Bunting passed away on April 5, 2008. The power of attorney and quit claim deed were recorded on April 9, 2008.

{¶4} On June 19, 2017, Appellant filed a pro se complaint for declaratory judgment against his sister and her husband. Appellant sought a declaration from the trial court regarding the validity of the power of attorney and the subsequent conveyance of Ms. Bunting's real property. Appellant claimed his sister obtained the power of attorney from his mother through fraud, arguing the notary acknowledged the signatures on April 3, 2008, two days after the signing. Appellant also claimed his sister engaged in illegal

self-dealing in transferring Ms. Bunting's real property to her husband instead of filing decedent's estate in probate, and as a result, was unjustly enriched. Appellant further claimed that his sister used the power of attorney "as a weapon to cease and desist all medical life-support to purposefully cause the death of Decedent." Attached to the complaint were copies of the power of attorney and the quitclaim deed.

{¶5} On July 11, 2017, Appellees filed a pro se answer and requested a dismissal of the case, stating in part Appellant has been trying to sue them for over nine years from prison and there was no monetary gain after bills and the funeral expenses were paid. Attached to their answer were copies of judgment entries dismissing complaints Appellant had filed in 2008 (Case Nos. 2008CV02544 and 2008CV04511).

{¶6} By judgment entry filed July 31, 2017, the trial court dismissed the case pursuant to Civ.R. 12(B)(6) in accordance with the cited case law therein, that being,"[d]ismissal is appropriate where it appears beyond doubt that the complaining party can prove no set of facts in support of the complaining party's claim that would entitle said party to relief."

{¶7} Appellant filed an appeal and submitted three assignments of error. We held that the trial court dismissed the complaint prematurely and denied Appellant the opportunity to amend his complaint under Civ.R. 15(B). We reversed the trial court's decision and remanded the matter to the court for further proceedings consistent with our opinion.

{¶8} Upon remand, the trial court issued an order setting a dispositive motion briefing schedule on January 9, 2018. On January 16, 2018 Appellant filed an "Amended Complaint for Declaratory Judgment" naming Appellees as defendants. Appellees,

through counsel, filed an answer on February 16, 2018, a motion to dismiss pursuant to Civ.R. 12 (B)(6) on February 20, 2018 and a motion to strike plaintiff's amended complaint and motion for leave to plead on February 22, 2018. Appellant filed a document captioned "Dispositive Summary of the Terms on the Questions of Law for Declaratory Judgment Order Briefing Schedule" on February 21, 2018. The trial court granted Appellees' motion for leave to plead but denied their motion to strike the amended complaint. On February 23, 2018 Appellees filed an amended answer and counterclaim seeking to have Appellant declared a vexatious litigator. On March 14, 2018 Appellant filed a request for an extension of time to respond to the pleadings filed by Appellees and that motion was granted, extending the deadline for Appellant's response to March 30, 2018. Appellant filed a "Plaintiffs Reply Brief and Motion to Strike Defendant's Counterclaim, Both Answers and Their Motion to Dismiss" on March 26, 2018 attached to a "Motion for Leave to File Instanter Reply Brief and Strike."

{¶9} On April 17, 2018 the trial court granted Appellees motion to dismiss and, on May 17, 2018 Appellant filed a notice of appeal and submitted the following assignments of error:

{¶10} "I. THE DECLARATORY COURT ABUSED ITS UNRUTHORIZED DISCRETION BY DISMISSING THE DECLARATORY COMPLAINT IN FAILING TO CONPLY WITH STATUTORY MANDATES OF THE RC 2721.05 TO DETERMINE THE RIGHTS AND OBLIGATIONS AND ANY OTHER LEGAL RELATIONS REGARDING THE VALIDITY OF THE ATTACHED EXHIBIT DURABLE UNLIMITED POWER OF ATTORNEY INSTRUMENT'S NOTARIAL ACKNOWLEDGMENT AND IT DETRIMENTAL ENSUED EFFECTS OF THE TRANSACTIONS OF PROPERTY (SIC)."

{¶11} "II. THE DECLARATORY JUDGE PERSONALLY CREATED PARTIALITY AND ACTED BIAS BY ADOPTING THE DEFENDANTS-APPELLANTS' ERRONEOUS PERCEPTION THAT THERE ARE ISSUES REGARDING FACT WHEN THER EIS NOE TO BE LITIGATED BY A JURY (SIC)."

## STANDARD OF REVIEW

{¶12} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

{¶13} A trial court should dismiss a complaint for failure to state a claim on which relief can be granted pursuant to Civ.R. 12(B)(6) only when it appears "beyond doubt * * * that the [plaintiff] can prove no set of facts warranting relief." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281. The court may look only to the complaint itself, and no evidence or allegation outside the complaint, when ruling on a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 680 N.E.2d 985. Nevertheless, the court may consider material incorporated in the complaint as part of the complaint. *State ex rel. Keller v. Cox (*1999), 85 Ohio St.3d 279, 707 N.E.2d 931. Even so, because Ohio has rejected "fact pleading" in favor of "notice pleading," a plaintiff is not required to prove his or her case through the pleadings

in the complaint, since the plaintiff's lack of access to relevant evidence at that stage of the proceedings would allow dismissal of many valid claims. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063.

**{¶14}** Appellant filed a "Motion for in Favor of Appellant Because the Appellees Failed to File a Brief on July 18, 2018." While Appellant correctly notes that Appellees did not file a brief, he incorrectly concludes he is entitled to the relief requested. Appellate Rule 18(C) states that:

> "[i] appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶15}** We choose to proceed with a *de novo* review of the complaint and to issue a ruling accordingly.

## ANALYSIS

**{¶16}** In order to maintain an action for declaratory judgment, a party must demonstrate that a real controversy exists between the parties, that the controversy is justiciable in character, and that speedy relief is necessary to preserve the rights of the parties. *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97, 296 N.E.2d 261 (1973). All three requirements must be met in order for declaratory relief to be proper. *Id. Huntsman v. State*, 5th Dist. Stark No. 2016CA00206, 2017-Ohio-2622, ¶ 24.

**{¶17}** Appellant complains of actions completed by Appellees in 2008 including the execution of a power of attorney and use of the power of attorney to convey and sell real property, among other things. In a rather demanding statement, Appellant asserts in his Amended Complaint that:

> 2. This Court shall declare the statutory validity of the attached instruments titled "Unlimited Durable Power-Of-Attorney" ("POA" henceforth) marked as Exhibit-A, and the "Quit-Claim Deed"("DEED" herein) marked as Exhibit-B.
>
> 3. This Court shall determine and establish the parties' rights, status, and legal positions prescribed by the RC Chapter 2721, and enter a declaratory verdict on the questions of law.

(Amended Complaint, p. 2, Jan. 16, 2018).

**{¶18}** Attached to the complaint is a document captioned "Affidavit for Declaratory Relief of Declarant Paul Edward Bunting," a document captioned "Durable Unlimited Power of Attorney," a quit claim deed, and an affidavit of indigency. Appellant also filed a document captioned "Plaintiffs Dispositive Summary of the Terms on the Questions of Law for Declaratory Judgment Order Briefing Schedule" which essentially provides a history of the litigation beginning with the complaint filed by Appellant on June 19, 2017 and argument. Because the matter before us is the dismissal of a complaint pursuant to Civ.R.12 (b)(6) we may consider exhibits incorporated into the complaint, *State ex rel. Keller, supra,* but we are prohibited from considering the latter document because it is outside the four corners of the complaint. However, even if we were to consider the document and the argument therein, our resolution of this matter would not change.

**{¶19}** To state a claim for declaratory judgment, Appellant must allege facts to show "speedy relief is necessary to preserve the rights of the parties." *Burger Brewing Co.*, *supra.* Appellant's complaint does not meet that third element for a declaratory judgment because it does not allege the speedy relief afforded by a declaratory action is necessary to preserve whatever rights might be lost. We have reviewed the complaint closely and we are unable to even draw an inference from any of the facts alleged in the complaint that speedy relief is necessary to preserve the status of the parties. Based upon the facts alleged in the complaint and the attached exhibits, it is evident that all the actions about which Appellant complains occurred in April 2008 or very shortly thereafter and the damage, if any, has occurred. *Mansfield Plumbing Products LLC v. Estate of Sparks*, 5th Dist. Richland No. 2004-CA-0094, 2005-Ohio-3121, ¶¶ 17-18.

**{¶20}** We find the complaint does not set forth all of the elements of a declaratory judgment action, and for this reason, the trial court reached the correct result in dismissing the complaint.

{¶21} Appellant's assignments of error are overruled and the ruling of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.