PELTZ, APPELLANT, v. CITY OF SOUTH EUCLID, APPELLEE.

(No. 40416—Decided July 12, 1967.)

Mr. Bernard A. Berkman, Mr. Joshua J. Kancelbaum, Mr. Michael T. Honahan, Mr. Herbert B. Levine and Mr. A. B. Glickman, for appellant.

Mr. Robert E. Jaffe, director of law, for appellee.

Schneider, J. We disagree with South Euclid's contention (and the judgments of the lower courts) that the plaintiff has insufficient standing for declaratory relief under Section 2721.-03, Revised Code, and for a determination of the validity of the ordinance in question. Wilson v. Cincinnati, 171 Ohio St. 104. A violation of the ordinance is punishable as a misdemeanor, and a conviction may lead to a fine up to $500 for each day of violation. The validity, construction and application of criminal statutes and ordinances are appropriate subjects for a declaratory judgment action. Dill v. Hamilton, Judge, 137 Neb. 723, 291 N. W. 62, 129 A. L. R. 743, and annotation following at 751.

It was not necessary for the plaintiff, in order to demonstrate the existence of an actual controversy, to place a political sign on his property in violation of the ordinance. Plaintiff's intended action was not speculative nor was defendant's threat hypothetical. If plaintiff had acted, the ordinance would have been applied to his disadvantage. Thus, the record establishes the existence of an actual controversy "between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Evers v. Dwyer, 358 U. S. 202, 3 L. Ed. 2d 222, 79 S. Ct. 178.

Moreover, the controversy did not disappear after the election of November 3, 1964, which, although eliminating plaintiff as a candidate, did not eliminate the justiciability of plaintiff's constitutional right as a citizen, resident, and property owner to erect signs for other candidates and issues in the future. It is not stipulated that his sign would urge his own candidacy, but only that it would state "his position on a political question."

Plaintiff filed his petition in the Common Pleas Court on August 20, 1964. For a period of almost three years he has sought a declaration of his rights under the ordinance. Future

delay would engender further appeals perhaps lasting through another general election.

We pass to the merits of the controversy under the rule announced in the third paragraph of the syllabus of *Neil* v. *Neil,* 38 Ohio St. 558:

"3. Where the District Court dismisses a proceeding in error on the erroneous ground that the judgment complained of is not reviewable, the Supreme Court is vested with discretion, on reversal of such erroneous order, to remand the cause to the District Court for further proceedings, or render such judgment as that court should have rendered."

An ordinance proscribing all political signs within municipal boundaries is countermanded by Section 11, Article I of the Constitution of Ohio, and the First and Fourteenth Amendments to the Constitution of the United States. The former reads in part:

"Every citizen may *freely* speak, write, and *publish his sentiments on all subjects,* being responsible for the abuse of the right; *and no law shall be passed to restrain or abridge the liberty of speech, or of the press."* (Emphasis added.) "The press" encompasses every publication which constitutes a vehicle for information and opinion. *Lovell* v. *Griffin,* 303 U. S. 444, 82 L. Ed. 949, 58 S. Ct. 666.

*Euclid* v. *Ambler Realty Co.,* 272 U. S. 365, 71 L. Ed. 303, 47 S. Ct. 114, is referred to for the proposition that a municipality may place restrictions on the use of private property. That case held that the exclusion of buildings devoted to business, trade and industry from residential districts must bear a rational relation to the health and safety of the community. This court formulated the same doctrine in *Pritz* v. *Messer,* 112 Ohio St. 628; *Curtiss* v. *Cleveland,* 170 Ohio St. 127; and *Benjamin* v. *Columbus,* 167 Ohio St. 103.

In *Curtiss,* the standard set forth (in paragraph four of the syllabus) was that "the benefit to the public health, safety, morals or general welfare from zoning use limitations must be sufficient to *reasonably outweigh the loss* to the landowner in order to justify zoning legislation causing such loss by limiting such owner's right to use his property." (Emphasis added.) There the loss was pecuniary. Here the loss is far more grave.

The ordinance in question sweeps away the right of a property owner to express his opinion on his own property. Defendant's interest in aesthetics does not reasonably outweigh the loss of plaintiff's liberty of speech.

"Although a municipality may enact regulations in the interest of the public safety, health, welfare or convenience, these may not abridge the individual liberties secured by the Constitution to those who wish to speak, write, print or circulate information or opinion (p. 160) * * *. We are of opinion that the purpose to keep the streets clean and of good appearance is insufficient to justify an ordinance which prohibits a person rightfully on a public street from handing literature to one willing to receive it. * * * As we have pointed out, the public convenience in respect of cleanliness of the streets does not justify an exertion of the police power which invades the free communication of information and opinion secured by the Constitution."

*Schneider* v. *State (Irvington)*, 308 U. S. 147, 84 L. Ed. 155, 60 S. Ct. 146.

There are numerous devices available to a municipality other than outright prohibition to combat the nuisances which might flow from the use of political signs. A municipality is not powerless to enact and enforce reasonable regulations directed against those responsible for littering the streets or private property. It may enact ordinances prohibiting the attachment of political posters to public property and permitting recovery of the cost of removal of such posters. *Brayton* v. *Anchorage* (Alaska), 386 P. 2d 832. It may not, on the other hand, enforce a wholesale prohibition against them.

The ordinance is not saved by its purpose to eliminate traffic hazards on main thoroughfares and at street intersections. The proscription is against *all* political signs, irrespective of location. Even the regulation of traffic may not be attempted by means which invade explicit constitutional liberties. *Natl. Assn. for Advancement of Colored People* v. *Alabama*, 377 U. S. 288, 12 L. Ed. 2d 325, 84 S. Ct. 1302. There is nothing in this record to convince us that a political sign is a greater traffic hazard than all the other features of the landscape which, purposely or not, tempt the attention of drivers. Furthermore, it is difficult to conceive that a political sign, rea-

sonable in size, structure and appearance, would constitute a hazard greater than "bumper stickers" which are expressly permitted by another ordinance of South Euclid, and which, by definition, are not restricted to a specific locality.

We find no support for the ordinance in *Ghaster Properties, Inc.*, v. *Preston, Dir.*, 176 Ohio St. 425, which, in prohibiting billboards adjacent to the interstate highway system, dismissed the contention that the right of free speech was infringed. See, also, *U. S. Advertising Corp.* v. *Raritan*, 11 N. J. 144, 93 A. 2d 362, and *Valentine, Police Commr.*, v. *Chrestensen*, 316 U. S. 52, 86 L. Ed. 1262, 62 S. Ct. 920. The regulation of commercial advertising is to be distinguished from legislation inhibited by Article I of the Constitution.

It is therefore adjudged that Ordinance No. 18-63 of the city of South Euclid, to the extent that it prohibits the use of all political signs, violates Section 11, Article I of the Constitution of the state of Ohio, as well as the First and Fourteenth Amendments to the Constitution of the United States. Furthermore, pursuant to Section 2721.09, Revised Code,⁴ the city of South Euclid is permanently enjoined from enforcing the ordinance to the extent of its constitutional infirmity. *American Cancer Society, Inc.*, v. *Dayton*, 160 Ohio St. 114; *Curtiss* v. *Cleveland*, *supra* (170 Ohio St. 127).

*Judgment reversed.*

Taft, C. J., Matthias, Herbert and Brown, JJ., concur.

---

⁴Section 2721.09, Revised Code: "Whenever necessary or proper, further relief based on a declaratory judgment or decree previously granted may be given. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."