GOVERNMENT OF GUAM, Plaintiff

v.

WANG, JIEN F. and TUNG HUA TRADING CO., LTD.
Defendants

Civil No. 473-80
Superior Court of Guam
July 18, 1980

- - - - -

ABBATE, Judge

## DECISION AND ORDER

This case comes before the Court on a "Complaint to Recover Penalty" by the Attorney General under Sections 17402 and 17402.1 of the Government Code of Guam.

The Government's Complaint alleges that Defendants, owners of a store on San Vitores Road in Tumon Bay violated §17402 by displaying signs in Japanese without a translation into English or Chamorro.

On July 16, 1980 Defendants moved the Court for a Judgment on the Pleadings asserting inter alia that §17402 is unconstitutional because the wording is vague and could lend itself to overbroad interpretation.

The Court has a duty to uphold Constitutional rights and to take a staunch position to protect them at the earliest opportunity so as to allow the legislature to correct any deficiencies by narrowly redrafting a statute restricting any such right. U.S. v. Karnes, 437 F.2d 284, 287 (9th Cir. 1971); cert. denied, 402 U.S. 1008, 91 S.Ct. 2189 (U.S. 1971).

The Court finds §17402 of the Government Code of Guam to be an unconstitutional infringement upon a citizen's First Amendment right to freedom of speech.

The Court is not deciding whether or not the Government may constitutionally require commercial signs to be translated into English or Chamorro. That question is not before the Court.

The Government asserts that Defendant "has not carried the burden of affirmatively showing that as applied to him, the statute in unreasonable, unfair and oppressive." (emphasis ours.) No such burden exists in cases involving First Amendment rights. "Although a statute may be neither vague, overbroad, nor otherwise invalid as applied to the conduct charged against a particular defendant, he is permitted to raise its vagueness or unconstitutional overbreadth as applied to others." Coates v. City of Cincinnati, 402 U.S. 611, 619, 91 S.Ct. 1686 (U.S. 1971). The Court of notes that this statute applies to commercial as well as noncommercial speech.

At issue is the regulation of speech. The significance of this fact is that the extent of permissible regulation greatly

increases as the mode of expression moves from pure speech to speech combined with conduct. California v. LaRue, 409 U.S. 109, 117, 93 S.Ct. 390 (U.S. 1973). "Communication by signs and posters is virtually pure speech." Baldwin v. Redwood City, 540 F.2d 1360, 1366 (9th Cir. 1976); Karp v. Bechen, 477 F.2d 171, 176 (9th Cir. 1973); Ross v. Goshi, 351 F.Supp. 949 953 (D.C. Hawaii); Dulaney v. Municipal Court, 520 P.2d 1, 5-6 (Calif. 1974).

"(I)n the First Amendment area 'government may regulate. . . only with narrow specificity." Hynes v. Mayor and Council of Borough of Oradell, 425 U.S. 610, 620,96 S.Ct. 1755 (U.S. 1976), quoting N.A.A.C.P. v. Button, 371 U.S. 415, 433, 83 S.Ct. 328 (U.S. 1963). The Government of Guam must use the least restrictive means that would accomplish the legislative purpose of Bill 754 (15th Guam Legislature, 1979 First Regular Session). "For even when pursuing a legitimate interest, a State may not choose means that unnecessarily restrict constitutionally protected liberty.... If the State has open to it a less drastic way of satisfying its legitimate interests, it may not choose a legislative scheme that broadly stifles the exercise of fundamental personal liberties." Kusper v. Pontikes, 414 U.S. 51, 58-59, 94 S.Ct. 303 (U.S. 1973).

The Government asserts that "...there is certainly a reasonable relation between the requirement of a translation on advertising signs and the heretofore referenced public interests which the statute was enacted to protect." The public interests being an "...increased awareness of the content or message contained in signs used by island businesses for advertising purposes by the English and Chamorro speaking population for the purpose of greater patronizing of such places of business, and the strengthening of the island economy by capturing the attention of English speaking tourists and the predominantly English and Chamorro consumer on Guam."

The Government further asserts that "these are not necessarily the exclusive public interests which the statute was enacted to protect...", but rather, "... it is possible that the Legislature formulated additional reasons for enacting the statute," (emphasis ours.)

Continuing, the Government asserts:

"It is generally believed that one of the reasons the statute was enacted was to regulate the many businesses on Guam which have signs entirely in a language other than English or Chamorro that were reported to be advertising pornographic materials for sale. Thus, protection of the morals of the public might have been an additional reason for enacting the statute. Additional moral justification may have been due to the complaints by numerous Japanese tourist that some of these signs contained offensive or shocking language."

However, "the question in this case is not whether some support for the regulations may be adduced, by reference to evidence in the record and a claim of reasonable inferences or concerns, but is whether the regulations at issue here are 'unnecessarily restrictive for the purpose they were designed to serve.'" A Quaker Action Group v. Morton, 170 U.S. App. D.C. 124, 516 F.2d 717, 723-724 (1975), quoting A Quaker Action Group v. Morton, 148 U.S. App. D.C. 124, 516 F.2d 717, 723-724 (1975), quoting A Quaker Action Group v. Morton, 148 U.S. App. D.C. 346, 460 F.2d 854 860 (1971). "For application of these principles to sign ordinances, see Farrell v. Township of Teaneck, 126 N.J. Super. 460, 315 A.2d 424 (N.J. 1974); Peltz v. City of South Euclid, 11 Ohio St. 2d 128, 228 N.E.2d 320 (Ohio 1967)." 540 F.2d at 1367 n. 18.

It is unnecessarily restrictive and beyond a "reasonable" relationship to include all "permitted signs" in an effort to specifically regulate "advertising signs". Careful consideration has been given as to whether §17402 is more inclusive or more burdensome than necessary to further legitimate government purposes. Truly this section does not regulate with narrow specificity. Rather it has the potential to intrude upon the very first of the Amendments of the Constitution.

Though the Government has so far restricted itself to "the shopowners and business affected by the legislation", this is of little comfort. "So long as the statute remains available to the State the threat of prosecutions of protected expression is a real and substantial one. Even the prospect of ultimate failure of such prosecutions by no means dispels their chilling effect on protected expression." Dombrowski v. Pfister, 380 U.S. 479, 494, 85 S.Ct. 1116 (U.S. 1965).

The Court believes that a law requiring any permitted sign, no matter how big or small, on any land, be it public or private, in any language other than Chamorro or English to have a translation into either which "must predominate the sign", [has] a chilling effect on such a protected mode of expression.

Furthermore, this Court cannot change the law under the guise of construction so as to only apply to business entities. "The rewriting of a statute for the purpose of bringing about a particular result is certainly not within the judicial function." U.S. v. Angcog, 190 F.Supp. 696, 700 (D.C. 1961).

As the law stands, a U.S. citizen could be fined $1,000.00 for erecting a permitted sign on his front lawn reading only, "America the Beautiful", in Tagalog. Does this violate his freedom of expression?

That all permitted signs are illegal per se if not in English or Chamorro or without a translation into either, is contradictory to the most basic right of a democratic society - the First Amendment right to freedom of speech.

105

The Court has no alternative but to find §17402 and §17402.1 unconstitutional being not in conformity with constitutional provisions as made applicable to Guam by the Organic Act.

This case is hereby dismissed.