JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Timothy Brogan, appeals the judgment of the Cuyahoga County Common Pleas Court declaring that he had no insurable interest in a contract of insurance issued by plaintiff-appellee, United Family Life Insurance Company. For the reasons that follow, we reverse and remand.
 {¶ 2} The record reveals that Timothy Brogan ("Brogan") entered into an agreement with Mallchok Funeral Home for pre-need funeral services for his wife's uncle, Adelbert J. Klesch ("Klesch"), who was 79 years old at the time. This agreement was entered into in January 1998, shortly after the death of Klesch's first wife, Regina Klesch. The total cost of the pre-need services was approximately $6,000, of which $1,000 of that fee was to be paid from the proceeds of an irrevocable life insurance policy issued by plaintiff-appellee, United Family Life Insurance Company ("United Family Life") to be payable to Mallchok Funeral Home at the time of Klesch's death. Brogan signed the agreement, along with a representative from the funeral home, who apparently was also an agent of United Family Life. The balance was to be paid from the proceeds of a life insurance policy issued by non-party Prudential Life Insurance Company, which the record reveals was similarly assigned to the funeral home. The funeral services provided for in the agreement included embalming, visitation, burial and related interment charges.[1]
 {¶ 3} Six months later, Klesch remarried. A little more than two years later, in December 2000, Klesch died, leaving Mary Klesch, his second wife, as his surviving spouse. United Family Life paid the proceeds of its policy to Mallchok Funeral Home, which cremated Klesch according to the wishes of the surviving spouse but in contravention of the earlier pre-need agreement.
 {¶ 4} In December 2001, Brogan filed suit in Cuyahoga County Common Pleas Court, Probate Division, against the surviving spouse, Mallchok Funeral Home and its director and agent, Prudential Life Insurance Company and United Family Life, among others. Captioned In re Estate of Adelbert J. Klesch and numbered 2001 ADV 0056398, Brogan sought damages for fraud and conversion as well as a declaration that the pre-need contract was enforceable.[2] The docket reflects that Brogan voluntarily dismissed this case in May 2002.
 {¶ 5} Brogan filed a second suit in June 2002, but in the General Division. Captioned Brogan v. Mallchok Funeral Home,Inc., et al., and numbered CV-473649, Brogan again named as defendants the funeral home, its director, agent and United Family Life, among others. Of the six claims for relief set forth in this complaint, one seeks a declaration that the agreement is unenforceable because it is ambiguous, fraudulent and/or a contract of adhesion.[3]
 {¶ 6} Shortly after Brogan filed the second suit, United Family Life filed the instant declaratory judgment action, seeking a declaration that Brogan had no insurable interest in the life of his wife's uncle. Brogan moved for summary judgment, appending to his motion (1) the application for life insurance assigned to Mallchok Funeral Home on the pre-need funeral agreement for his wife's uncle, which included the pre-need agreement itself; (2) the policy ultimately issued by United Family Life; (3) a letter from the funeral home regarding the policy; and (4) a copy of the check issued by United Family Life and made payable to Mallchok Funeral Home after the death of Klesch. United Family Life opposed the motion and cross-moved for summary judgment, attaching to its motion copies of the complaints instituted by Brogan in related cases filed in the probate and general divisions.
 {¶ 7} In declaring the insurance contract void, the trial court relied on language contained in the policy whereby Brogan, the applicant, certified that he had an insurable interest in the life of Klesch, the insured.
 {¶ 8} "This certification is critical. [United Family Life] seeks the declaration that [Brogan] has no insurable interest in the life of [Klesch], his wife's uncle, and hence the subject insurance contract is void. [Brogan] argues he does not need an insurable interest for this type of life insurance contract,i.e., one being used to fund the insured's funeral. [Brogan's] argument in this regard is a compelling one given [that] the undisputed purpose of this policy was to fund an elderly man's funeral upon his death. The logical deficit of [Brogan's] argument stems from the above-quoted certification clause of the policy. The issue in this case is not the requirement of an insurable interest under Ohio law; it is the requirement of an insurable interest in the terms of the policy. [Brogan] certified he had it but he clearly does not. He argues the law does not require it in this setting, but the policy in fact requires it. (The wisdom of the requirement may stem from the desire to avoid the circumstances leading to this lawsuit: the family member with control over the funeral arrangements is not the person contracting for the policy to pay for burial.)"
 {¶ 9} Continuing, the court stated:
 {¶ 10} "It is not material in this analysis that [United Family Life's] own agent may have mis-prepared the form to reflect [Brogan] was a nephew instead of the husband of a niece, which he was. In any event, [Brogan] could not accurately certify he had an insurable interest; he did not."
 {¶ 11} It is from this judgment that Brogan appeals, assigning three errors for our review.
 {¶ 12} R.C. 2721.03 governs the construction or validity of legal instruments as they relate to declaratory judgment actions and provides, in relevant part, that "any person interested under a * * * written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a * * * contract * * * may have determined any question of construction or validity arising under the * * * contract * * * and obtain a declaration of rights, status, or other legal relations under it."
 {¶ 13} In determining that a case is ripe for a declaratory judgment, it must be demonstrated that (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) the situation requires speedy relief to preserve the rights of the parties. Burger Brewing Co. v. LiquorControl Comm. (1973), 34 Ohio St.2d 93, 97; see, also, BuckeyeQuality Care Centers, Inc. v. Fletcher (1988),48 Ohio App.3d 150, 154. Succinctly, it must be demonstrated that there is a controversy" between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Peltz v. South Euclid (1967),11 Ohio St.2d 128, 131; see, also, Wagner v. Cleveland (1988),62 Ohio App.3d 8, 13.
 {¶ 14} Although the decision to grant or deny declaratory relief is generally a matter for judicial discretion, the exercise of such discretion presupposes that there is a continuing controversy necessitating the issuance of a declaratory judgment. See Aetna Life Ins. Co. v. Haworth
(1937), 300 U.S. 227, 240-241; Bilyeu v. Motorist Mut. Ins. Co.
(1973), 36 Ohio St.2d 35, 37. Where a controversy has been rendered moot, the trial court has no discretion to grant declaratory relief. See Moskowitz v. Federman (1943),72 Ohio App. 149, 164; see, also, R.A.S. Entertainment v. Cleveland
(1998), 130 Ohio App.3d 125, 128.
 {¶ 15} The only controversy presented here was whether Brogan had an insurable interest that would affect the enforceability of the insurance contract for pre-need funeral services to be rendered by Mallchok Funeral Home. If Brogan had no such interest, the contract would be unenforceable and United Family Life would be under no obligation to pay the proceeds of the policy to the funeral home. Conversely, United Family Life would only be obligated to pay the proceeds of the policy to the funeral home if an insurable interest existed, thereby rendering the contract enforceable. Because United Family Life paid the proceeds to Mallchok Funeral Home, it cannot now be said that the contract was unenforceable because Brogan had no insurable interest. That the funeral home may have used those proceeds in contravention of the agreement for which the policy was purchased is not the issue in this case. By its own actions, United Family Life fully performed under the contract of insurance when it paid the proceeds of the policy and, without more, cannot now argue that the very same contract is void.[4]
 {¶ 16} Moreover, case number CV-473649, which, until recently, was still pending in the common pleas court at the time the present action was pending, contained a claim for declaratory judgment. Because this case and the instant case involve the same allegedly wrongful act and, therefore, the risk of multiple, conflicting judgments existed if tried separately, these cases, at the very least, should have been consolidated. It is true that, at the time Brogan filed case number CV-473649, United Family Life was not a party and only became a party shortly after it filed its own declaratory judgment action.[5] The parties could have apprised the respective trial courts, however, of the existence of these two separately filed cases and apparently did not do so.
 {¶ 17} In any event, we find that the trial court abused its discretion in granting declaratory relief when there existed no justiciable controversy warranting such relief. We, therefore, reverse the judgment of the trial court and remand with instructions to dismiss the case that is the subject of this appeal.
Celebrezze, Jr., P.J., and Sweeney, J., concur.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] It appears from the record that Klesch and his first wife bought adjoining burial sites sometime in 1995. They also purchased a stone memorial engraved with their names and dates of birth. Regina Klesch services were handled as agreed with Mallchok Funeral Home and she was buried at this site in May 1997.
[2] Brogan seeks this declaration in paragraph 71 of the complaint but seeks the opposite in his prayer for relief.
[3] This case has been ongoing during the pendency of this appeal. Indeed, the docket reflects that the claims against the funeral home, its director and its agent were dismissed by way of summary judgment. The docket further reflects that the remaining defendants, United Family Life among them, had been previously dismissed. Brogan has since appealed this particular case to this court.
[4] From the record before us, we discern no claims by United Family Life against any entity or individual for the return of funds paid under the policy, nor does United Family Life make any such claims. Moreover, the parties conceded at oral argument that no residual funds remain to be paid to any individual or entity entitled to such funds.
[5] United Family Life filed its declaratory judgment action on August 7, 2002, while Brogan filed an amended complaint adding United Family Life as a party in case number CV-473649 on August 30, 2002. It appears from the docket that United Family Life was dismissed as a party on August 19, 2003.