{45} I respectfully dissent from the majority opinion because the trial court should not have dismissed appellant's complaint.
{46} While the best course of action for appellant would have been to file her declaratory judgment action while she still held her clerk position, she is not necessarily precluded from a declaratory judgment because she failed to do so.
{47} In her complaint, appellant requested a declaration that the version of R.C. 2921.42 enacted on June 23, 1994 controls this case and does not include "employment of an individual" within the meaning of "public contract" and that the Ohio Ethics Commission's interpretation of R.C. 2921.42 creates a "constitutionally absurd result whereby wholly innocent conduct is criminalized." In order to maintain a declaratory judgment action the plaintiff must demonstrate (1) a real controversy exists between the parties, (2) the controversy is justiciable, and (3) speedy relief is necessary to preserve the parties' rights. R.A.S.Entertainment, 130 Ohio App.3d at 128. The majority concludes that at the time appellant filed the action there was no actual controversy between the parties requiring speedy relief to preserve rights which could otherwise be lost or impaired. Opinion at ¶ 36. The majority opines that because appellant did not maintain two potentially incompatible positions while her action was pending and was not under the threat of prosecution during that time, no live controversy of sufficient immediacy existed before the trial court. Opinion at ¶ 43.
{48} On the contrary, I would conclude that a live controversy did exist at the time this case was pending before the trial court. The trial court dismissed appellant's action in September 2003. In its judgment entry, the court found that appellant was currently on the November ballot for clerk. Thus, the issue was ripe for review.
{49} The majority concludes in ¶ 35 that the threat of prosecution in this case is too speculative to constitute an actual controversy of sufficient immediacy. They conclude that for this issue to become ripe, appellant would have to not only run for office but also win before any threat of criminal prosecution could be carried out. While it is true that any threat of prosecution in appellant's case is contingent upon her being re-elected, in Peltz, 11 Ohio St.2d 128, any threat of criminal prosecution was contingent upon people posting political yard signs. The Ohio Supreme Court noted:
{50} "It was not necessary for the plaintiff, in order to demonstrate the existence of an actual controversy, to place a political sign on his property in violation of the ordinance. Plaintiff's intended action was not speculative nor was defendant's threat hypothetical. If plaintiff had acted, the ordinance would have been applied to his disadvantage." Id. at 131.
{51} This rationale applies in the present case as well: If appellant was reelected, the statute would be applied to her disadvantage. Her intended action was not speculative because, as the trial court noted, appellant was currently on the November ballot for clerk. And appellees' threat was not hypothetical as they had asked her to resign to avoid criminal prosecution.
{52} Additionally, one wonders whether appellant should be expected to spend the time and money to run for political office if, upon being re-elected, she is informed that it is illegal for her to hold the position along with her secretarial position. Moreover, it is unfair to the voting public to re-elect someone to office only for her to resign upon re-election to the office after learning that her failure to resign will result in criminal prosecution. Such an occurrence would have the effect of disenfranchising the voters. These factors explain why speedy relief was necessary in this case.
{53} Furthermore, appellant should not have to subject herself to criminal prosecution in order to maintain her action. In instances where a complainant asserts the validity of a law in a declaratory judgment proceeding and shows that she is affected by or materially interested in a statute, a justiciable cause may be shown by the relationship of the parties concerned with the application of the law and there need not be an actual controversy or violation of the ordinance to give one standing.Pack v. City of Cleveland (1982), 1 Ohio St.3d 129, 131, 438 N.E.2d 434. If appellant had remained in her position and filed the action, presumably appellees would have filed criminal charges against her. And while appellant could have requested a stay pending the outcome of the declaratory judgment action, she would have still been under the threat of criminal prosecution.
{54} Given these reasons, I would reverse the trial court's decision dismissing appellant's complaint.