OPINION
{¶ 1} Defendants-appellants, Hard Knox Energy, Inc. and Hall 
Horning Oilfield Services, Inc., appeal the September 9, 2004 judgment entry of the Lake County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Brian C. Curtis, Trustee of the Curtis Living Trust. For the following reasons, we affirm the judgment of the court below.
 {¶ 2} The subject of the present litigation is a 46.45 acre tract of land located off County Line Road in Madison Township, Ohio. On August 30, 1984, Howard and Aileen Gallagher entered into a lease agreement with American Energy Development, Inc. for the purpose of developing the property's oil and gas resources. Specifically, American Energy Development was required to drill a well on the property within twelve months of the date of the lease and a second well within eighteen months of the date of the lease. Through various assignments, Hard Knox and Hall Horning acquired interests in the oil and gas lease.
 {¶ 3} American Energy Development commenced drilling a first well, known as Gallagher Well No. 2, within twelve months of the execution of the lease. A second well, however, was never completed. In March 1986, the Gallaghers filed an affidavit of record terminating the lease because of American Energy Development's failure to commence drilling a second well in accordance with the terms of the lease. The Gallaghers took no action to evict American Energy Development or its assignees from the property and continued to receive royalty payments from the first well.
 {¶ 4} In July 1998, Curtis acquired title to the property. In December 1998, Curtis declined to accept further royalty payments and filed an action in the Lake County Court of Common Pleas to quiet title against Hard Knox, Hall Horning, and others.
 {¶ 5} On July 19, 2000, the court found in favor of Curtis. The court's judgment entry provided, in relevant part, as follows: "The original lessee [American Energy Development] breached the express and implied terms of the Lease and it expired by its express terms (18) months after its execution for failure to commence the second well. * * * Following termination of the Lease, lessee stands in the position of a licensee, wholly divested of the right to transmit by assignment, enlarge or release an interest in the subject property. * * * Therefore, under the circumstances presented, canceling the Lease and quieting title is an appropriate remedy. * * * Because of original lessee's various performance breaches and termination of the Lease, Defendants could not take a valid assignment of the subject Lease. The attempts at assignment undertaken by [American Energy Development] or its subsidiary are without force or effect and provide the purported assignee with no valid leasehold interest. Defendants lack any interest in the property pursuant to the Oil and Gas Lease executed August 30, 1984[,] between Howard E. Gallagher and Aileen K. Gallagher as lessor[s] and American Energy Development as lessee. * * * It is further the order of this Court that Plaintiff[']s prayer requesting Defendants be adjudged to have abandoned their equipment and that such equipment has become a permanent fixture upon the real property of the Plaintiffs, lacks sufficient support and therefore shall be and hereby is denied."
 {¶ 6} The trial court's decision was affirmed by this court in Curtisv. Am. Energy Dev., Inc., 11th Dist. No. 2000-L-133, 2002-Ohio-3122.
 {¶ 7} On July 16, 2003, Curtis filed a declaratory judgment action against Hard Knox, Hall Horning, and the Ohio Department of Natural Resources seeking a declaration as to the ownership of the existing well and other equipment on the subject property. The parties have stipulated that Hard Knox and Hall Horning claim an interest in the well equipment. Hard Knox claims a one-half interest in the well equipment pursuant to an Assignment of Oil and Gas Lease from American Energy Development.
 {¶ 8} Hall Horning remains the registered owner of Gallagher Well No. 2 with the Ohio Department of Natural Resources. Hall Horning received its interest in Gallagher Well No. 2 pursuant to a Request for Change of Owner from Excalibur Exploration, Inc. dated July 1, 1999. Excalibur Exploration received its interest in the well by assignment from American Energy Development and was a defendant in Curtis' prior action to quiet title. The Ohio Department of Natural Resources has denied Curtis' request change ownership of Gallagher Well No. 2 based on the language in the trial court's July 19, 2000 judgment entry denying Curtis' prayer that the well equipment be adjudged abandoned for lack of support.
 {¶ 9} On March 17, 2003, Hall Horning filed a small claims complaint against Curtis in Painesville Municipal Court claiming loss of business profits due to Curtis' use of the well equipment. This case has been dismissed without prejudice.
 {¶ 10} Hard Knox and Hall Horning filed counterclaims and third-party complaints against Curtis, challenging Curtis' title to the well equipment and alleging claims of slander of title, intentional interference with their business, and others.
 {¶ 11} The Ohio Department of Natural Resources was voluntarily dismissed from the action.
 {¶ 12} The trial court rendered judgment in Curtis' favor on September 9, 2004, on summary judgment motions filed by all parties. The court ruled that Curtis is the owner of the well equipment and that Hard Knox and Hall Horning do not have any interest in this equipment. As to Hard Knox, the court relied on a provision of the original lease stating that American Energy Development, as lessee, had "the right at any time after the termination of this Lease to remove all pipe, well casing, machinery, equipment or fixtures placed on or in the Premises, provided that any such items which are not removed within six (6) months of the termination of the Lease shall be deemed abandoned by Lessee." The court continued: "This Court previously held that the lease terminated by its own terms on March 3, 1986. American Energy Development, Inc., therefore had until September 3, 1986[,] to remove all pipe, well casing, machinery, equipment, or fixtures on or in the Premises. They did not do so, and thus, any of the above items still on Plaintiff's property are deemed abandoned."
 {¶ 13} As to Hall Horning, the court relied on definition of "owner" contained in Chapter 1509 of the Revised Code, governing the department of natural resources, which defines an "owner" as "the person who has the right to drill on a tract or drilling unit, to drill into and produce from a pool, and to appropriate the oil or gas produced therefrom either for the person or for others." R.C. 1509.01(K). Since Hall 
Horning does not have the right to do any of the things listed in R.C.1509.01(K), the court found that Hall Horning was not an owner of the well or the well equipment.
 {¶ 14} The court then dismissed Hard Knox and Hall Horning's counterclaims and third-party complaints because no evidence was introduced in support of these claims.
 {¶ 15} Hard Knox and Hall Horning timely appeal and raise the following assignment of error: "The trial court erred as a matter of law to Appellants' prejudice in granting Appellee's claims to the well equipment as Appellee's claims were barred by res judicata."
 {¶ 16} Appellants' main argument is that the issue of the ownership of the well equipment is res judicata. The doctrine of res judicata holds that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, at syllabus. According to appellants, the trial court's July 19, 2000 judgment entry was a valid, final judgment which denied Curtis' claim for ownership of the well equipment. "It matters not that [Curtis] may have had available to him several different legal theories from which to draw in order to accomplish his goal — once the trial court ruled against him in the previous litigation, all rights to remedies against the Appellant[s] with respect to `all or any part of the transaction, or series of connected transactions, out of which the action arose' were extinguished pursuant to Grava[, 73 Ohio St.3d at 382 (citation omitted)]." We disagree.
 {¶ 17} Although appellants are correct that res judicata bars the subsequent re-litigation of all claims that either were or could have been raised in prior litigation, the doctrine of res judicata is not fully applicable to declaratory judgment actions. "Unlike other judgments, * * * a declaratory judgment is not res judicata on an issue or claim not determined * * * even though it was known and existing at the time of the original action." State ex rel. Shemo v. MayfieldHeights, 95 Ohio St.3d 59, 69, 2002-Ohio-1627, citing Jamestown VillageCondominium Assn. v. Market Media Research, Inc. (1994),96 Ohio App.3d 678, 685-687. "[A] declaratory judgment determines only what it actually decides and does not preclude other claims that might have been advanced." Id. (citations omitted).
 {¶ 18} In the previous case, the trial court denied Curtis' request that appellants "be adjudged to have abandoned their equipment and that such equipment has become a permanent fixture upon the real property." The trial court did not declare that Curtis lacked ownership or that Hard Knox and Hall Horning were the owners of the well equipment. Nor is it clear from the trial court's July 19, 2000 judgment entry that the court considered the provisions of the lease allowing American Energy Development six months to remove any equipment left on the property.
 {¶ 19} Even were we to consider the specific factual issue of abandonment to be res judicata, Hard Knox and Hall Horning could not claim an interest in the well equipment. Both Hard Knox and Hall 
Horning's alleged interests in the well and well equipment rest on assignments which the trial court has previously declared invalid. The question of whether Hard Knox and Hall Horning abandoned the equipment by not removing it within six months is a non-issue. Hard Knox and Hall Horning never possessed a valid interest in the equipment, as explained in the July 19, 2000 judgment entry.
 {¶ 20} Appellants also argue that no "real controversy" exists between the parties as is necessary before declaratory relief can be granted. SeeBurger Brewing Co. v. Liquor Control Comm., Dept. of Liquor Control
(1973), 34 Ohio St.2d 93, 97, citing Am. Life Acc. Ins. Co. of Ky. v.Jones (1949), 152 Ohio St. 287, 296. Appellants maintain the trial court's July 19, 2000 judgment entry was "clear and unambiguous" in its denial of Curtis' request to have the well equipment declared abandoned. Again, we disagree.
 {¶ 21} That a real controversy exists between the parties is demonstrated by the fact that Hard Knox claims a one-half interest in the well equipment located on Curtis' property and that Hall Horning claim an interest as registered owners of the well. Curtis contests both these claims. Thus, a valid dispute exists "between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Peltz v. South Euclid (1967),11 Ohio St.2d 128, 131 (citation omitted).
 {¶ 22} We do not agree with appellants that the trial court's July 19, 2000 judgment entry "clearly and unambiguously" declared that Curtis was not the owner of the well equipment. As discussed above, this judgment entry did not make any express declaration regarding which party possessed an interest in the equipment. It merely denied Curtis' request to have the equipment adjudged abandoned. Ownership, however, remained at issue. For the reasons stated above, the principles of res judicata do not prevent the trial court from now declaring Curtis the owner of the well equipment. By declaring the assignments to Hard Knox and Hall 
Horning invalid, the court's previous judgment unambiguously precludes these parties from now claiming an interest in the well equipment based on assignments of American Energy Development's lease interest in the property.
 {¶ 23} Appellant's sole assignment of error is without merit.
 {¶ 24} For the preceding reasons, the September 9, 2004 judgment entry of the Lake County Court of Common Pleas declaring Curtis to be the "sole owner" of the well equipment and denying Hard Knox and Hall Horning any interest in the well equipment is affirmed.
Ford, P.J. and Rice, J., concur.