JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiff-appellant Andrew J. Bellisario appeals from a summary judgment issued in favor of defendant-appellee Cuyahoga County Child Support Enforcement Agency ("CSEA") on his complaint for a declaratory judgment. Appellant alleged that it is an unconstitutional breach of the separation of powers *Page 3 
doctrine for a court to hold a party in contempt for refusing a CSEA request to submit to DNA testing in order to determine paternity. The court granted summary judgment on grounds that the complaint was not ripe: CSEA did not institute contempt proceedings against appellant when he failed to submit to genetic testing, but instead filed a paternity action against him. Appellant's two assignments of error challenge the summary judgment. We find that there is no real or justiciable controversy between the parties, so the court properly granted summary judgment.
 {¶ 2} Summary judgment may issue when, construing the evidence most strongly in favor of the non-moving party, there is no genuine issue of material fact and reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See Civ.R. 56(C).
 {¶ 3} In State ex rel. Elyria Foundry Company v. Indus. Comm. ofOhio, 82 Ohio St.3d 88, 1998-Ohio-366, the supreme court set forth basic principles of ripeness:
 {¶ 4} "Ripeness `is peculiarly a question of timing.' Regional RailReorganization Act Cases (1974), 419 U.S. 102, 140, 95 S. Ct. 335, 357,42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire `to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * * .' Abbott Laboratories v. Gardner (1967),387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed: *Page 4 
 {¶ 5} "`The basic principle of ripeness may be derived from the conclusion that judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote. * * * The prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards [sic] the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff.' Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.LRev. 867, 876." (Internal quotations omitted.)
 {¶ 6} The undisputed evidence showed that CSEA had been "requested to determine the existence of a parent and child relationship" between a child and appellant. CSEA sent appellant a notice that ordered him to appear for genetic testing on September 23, 2005, and cautioned him that "if the alleged father * * * willfully fails to submit to genetic testing * * * [he] may be found in contempt of court." Appellant did not submit to testing, and CSEA did not institute contempt proceedings against him. Instead, CSEA referred the matter to the Cuyahoga County Prosecuting Attorney, who filed a complaint for paternity on March 10, 2006.
 {¶ 7} In Voinovich v. Ferguson (1992), 63 Ohio St.3d 198, 208, the supreme court stated:
 {¶ 8} "One of the elements necessary for a declaratory judgment action to lie is that a real, justiciable controversy exists between adverse parties. American Life *Page 5 Accident Ins. Co. of Ky. v. Jones (1949), 152 Ohio St. 287,40 O.O. 326, 89 N.E.2d 301, paragraph two of the syllabus. There must be an actual controversy `* * * "between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." * * * `Peltz v. South Euclid (1967),11 Ohio St.2d 128, 131, 40 O.O.2d 129, 131, 228 N.E.2d 320, 323. See, also, BurgerBrewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93,63 O.O.2d 149, 296 N.E.2d 261."
 {¶ 9} The court did not err by granting summary judgment on grounds that there was no real, justiciable controversy between the parties. The undisputed evidence showed that CSEA had not instituted contempt proceedings against appellant. Without the existence of a predicate contempt citation filed against him, appellant cannot show that the court acted in violation of the separation of powers doctrine because the court has not acted on any request to have appellant found in contempt. Until CSEA makes an actual request to have appellant held in contempt for failing to submit to genetic testing, the issue of separation of powers will remain remote and hypothetical.[1] The assigned errors are overruled.
Judgment affirmed. *Page 6 
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR
[1] Appellant appears to argue that we should nonetheless consider the issue because it is capable of repetition yet evading review. This is a principle of the mootness doctrine that holds that even though a matter might be moot, the court should proceed to resolve the issue if it is capable of repetition yet evading review. Unlike the ripeness concern of premature adjudication, mootness is concerned with the justiciability of an action when any relief a court might provide to a plaintiff would be meaningless. See Sedlak v. Solon (1995), 104 Ohio App.3d 170, 178. The mootness doctrine is wholly distinct from the ripeness doctrine and inapplicable to this action. *Page 1